[885 NYS2d 612]

In the Matter of Gary W. Gramer, a Suspended Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, September 29, 2009

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Leslie B. Anderson* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated October 26, 2005, the respondent was suspended from practice pursuant to 22 NYCRR 691.13 (c) based upon his claimed medical disability, and was directed to be examined expeditiously by a qualified medical expert. The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) was thereafter unable to locate the respondent to secure his cooperation.

On September 10, 2008, the respondent entered a plea of guilty in the County Court, Suffolk County, to one count of grand larceny in the third degree, a class D felony, before the Honorable James F.X. Doyle. As a condition of the plea, the respondent was obligated, inter alia, to surrender his law license.

During the plea allocution, the respondent admitted that between November 18, 2002 and November 5, 2003 he stole United States currency in excess of $3,000 from Adrienne Simonin, and that between March 12, 2003 and November 5, 2003 he stole United States currency in excess of $3,000 from Walter Kapka. The stolen funds were taken from the respondent's escrow account.

Pursuant to Judiciary Law § 90 (4), an attorney is automatically disbarred upon his conviction of a felony and ceases to be an attorney. Having ceased to be an attorney upon his conviction, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys is granted based on his disbarment, effective September 10, 2008.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and BELEN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Gary W. Gramer, is disbarred, effective September 10, 2008, and his name is now stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Gary W. Gramer, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Gary W. Gramer, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an at-

torney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,

Ordered that if the respondent, Gary W. Gramer, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).